924 A.2d 618

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Brian JACKSON, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 2006.

Re–Submitted April 13, 2007.

Decided May 31, 2007.

234

Hugh J. Burns, Jr., Esq., Christina Lewko Dunn, Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

Richard T. Brown, Jr., Esq., Philadelphia, for Brian Jackson.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## OPINION

Justice EAKIN.

A Philadelphia police officer observed appellee among a group of men throwing dice on the street. The officer suspected the men were gambling, in violation of Philadelphia City Code § 10–612(2). He approached, but appellee fled, despite the officer's instructions to stop. The officer pursued appellee and attempted to apprehend him, but appellee punched the officer in the face and chest several times and got away. The officer gave chase and caught appellee again, but appellee kneed the officer in the groin, knocking him to the ground. While the officer was down, appellee tried to take the officer's gun-with his hands on the gun, appellee threatened, "You're done," N.T. Trial, 10/24/00, at 26–27, but was unable to remove the gun. The officer eventually forced appellee to the ground and arrested him. Appellee was convicted and sentenced for aggravated assault on a police officer, simple assault, recklessly endangering another person, and resisting arrest.

Appellee filed an appeal, but withdrew it. He then filed a pro se PCRA petition, and counsel was appointed. The PCRA court reinstated appellee's direct appeal rights nunc pro tunc. He filed an appeal, challenging the sufficiency of the evidence for his recklessly endangering another person and resisting arrest convictions.

The Superior Court affirmed his recklessly endangering another person conviction, but reversed the resisting arrest conviction. The court found that because the officer did not observe appellee rolling dice for money, he lacked probable cause to arrest appellee for gambling. *Commonwealth v. Jackson*, No.1922 EDA 2003, unpublished memorandum at 7, 875 A.2d 388 (Pa.Super. filed March 9, 2005). Therefore, the court found the underlying arrest for gambling was unlawful; an unlawful arrest will not support a resisting arrest charge. *Id.*[1]

We granted allowance of appeal to determine:

Where a defendant's assault on a police officer occurs as the result of the officer's attempt to unlawfully arrest him, whether that assault may give rise to a lawful arrest, the resistance of which will support a charge of resisting arrest under 18 Pa.C.S. § 5104.

*Commonwealth v. Jackson*, 585 Pa. 469, 889 A.2d 42, 43 (2005).

In reviewing a sufficiency challenge, a court determines whether the evidence, viewed in the light most favorable to the verdict winner, is sufficient to enable the factfinder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Williams*, 586 Pa. 553, 896 A.2d 523, 535 (2006). Here, we are asked to determine if probable cause existed to arrest appellee. This is a legal determination, *Commonwealth v. Biagini*, 540 Pa. 22, 655 A.2d 492, 497 (1995), for which our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254, 1257 (2006).

The Commonwealth argues *Biagini* compels the conclusion that where a defendant commits a crime during an attempted arrest, illegal for want of probable cause, that new crime allows a lawful arrest of the defendant. Appellee argues the

1. Judge McCaffery filed a concurring and dissenting opinion. He found probable cause to arrest appellee when the officer saw appellee throw dice and flee the scene. *Jackson*, at 2 (McCaffery, J., concurring and dissenting). He also noted that even if this initial evidence was insufficient to establish probable cause to arrest, there was probable cause to arrest appellee for assault after appellee punched the officer several times. *Id.*, at 3.

resistance of the initial unlawful arrest was a continuous course of conduct that could not be divided into different parts to create probable cause for a lawful arrest.

A lawful arrest is an element of the crime of resisting arrest:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a *lawful arrest* or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104 (emphasis added). Thus, to be convicted of resisting arrest, the underlying arrest must be lawful. *Biagini*, at 497. In the present context, the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant. *Id.*

In *Biagini*, we addressed whether a defendant who is arrested without probable cause could be prosecuted for crimes he committed in response to an officer's attempt to unlawfully arrest him. The co-defendants in *Biagini* argued that because the initial encounter with the police was an unlawful arrest, all additional charges arising from that arrest were invalid. *Id.* We disagreed and stated individuals do not have a right to resist arrest even when they believe the arrest is unlawful. *Id.*, at 499; *see also* 18 Pa.C.S. § 505(b)(1)(i) (use of force not justified to resist arrest although arrest is unlawful). Thus, individuals are not justified in resisting arrest and cannot avoid being prosecuted for their actions in resisting and assaulting police officers. *Biagini*, at 493. Therefore, we upheld the co-defendants' convictions for aggravated assault although the underlying arrest was unlawful. *Id.*

However, we concluded the co-defendants' convictions for resisting arrest could not stand since "[t]he language of the statute is quite clear and unambiguous; in order to be convicted of resisting arrest, the underlying *arrest* must be lawful." *Id.*, at 497 (citation omitted) (emphasis in original). Thus, because a lawful arrest is an element of resisting arrest, a

conviction for that crime cannot be sustained where that arrest is found to be unlawful. *Id.*

██ Here, assuming an unlawful initial arrest, the initial resistance would support only assault charges, not a resisting arrest charge. However, after appellee fled and the officer caught him, appellee punched the officer several times, and fled again. At that point, the officer had probable cause to arrest appellee for that assault. The officer chased appellee and arrested him after the violent struggle described above; this arrest was lawful because the officer had probable cause to arrest him for assault, and appellee's struggle constituted resisting arrest.

Appellee's argument the incident was only one criminal episode is unpersuasive. Even if it is one episode, committing a new crime during the episode can serve as the basis for probable cause to arrest appellee. Clearly appellee could be prosecuted for other crimes he committed while resisting an unlawful arrest, *see Biagini,* at 493, 499; his new criminal activity would establish cause to arrest him, lawfully, for these new crimes. The initial illegality does not give the arrestee a free pass to commit new offenses without responsibility. Neither does that initial illegality "poison the tree," preventing lawful police conduct thereafter-the new crimes are new trees, planted by appellee, and the fruit that grows from them is not automatically tainted by the initial lack of probable cause.

Appellee's arrest, based on probable cause he committed assault on the officer while resisting the unlawful arrest, was a lawful arrest that appellee was not justified in resisting. We hold on the facts of this case, where a defendant's assault on a police officer occurs as the result of the officer's attempt to unlawfully arrest him, that assault would justify a subsequent lawful arrest, the temporally distinct resistance of which will support a charge of resisting arrest under 18 Pa.C.S. § 5104.[2]

---

2. We note *Biagini* did not consider that probable cause to arrest may develop as a police-citizen encounter unfolds. For this reason, we do not believe *Biagini* necessarily supplies the appropriate rule governing this entire line of cases. Rather, we find the controlling law is § 5104's plain language. As noted, under § 5104, once a particular set of

Since the officer had probable cause to arrest appellee after appellee punched the officer several times, viewing the evidence in the light most favorable to the Commonwealth, it is clear there was sufficient evidence to convict appellee of resisting arrest.

Order reversed. Jurisdiction relinquished.

Justice FITZGERALD did not participate in the consideration or decision of this case.

Chief Justice CAPPY, Justice CASTILLE, SAYLOR and BAER and BALDWIN join the opinion.

circumstances gives rise to a lawful arrest, if there is ongoing resistance that meets the defined threshold in § 5104; thus, resisting arrest is implicated on the face of § 5104. A decision to foreclose a conviction in such circumstances because there may have been a prior attempt by police to effectuate an unlawful arrest would not be a direct application of § 5104, but would represent a judicial prophylactic rule.