J-S29018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRENT JERRELL PATRICK | |
| Appellant | No. 1265 WDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000676-2014

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                                      **FILED JUNE 01, 2015**

Appellant, Trent Jerrell Patrick, appeals from the June 30, 2014 judgment of sentence of one year's probation, imposed after the trial court found him guilty of one count of resisting arrest.[1]  After careful review, we affirm.

The trial court set forth the facts of this case as follows.

> At approximately 1:00 A.M. on December 25, 2013, City of Pittsburgh [p]olice [o]fficer Jonathan Craig responded to a call for an individual banging on a door with a hammer at 1202 Montezuma Street, Apartment 2, in the Lincoln-Lemington-Belmar section of the City of Pittsburgh, Allegheny County. Officer Craig arrived at the location within minutes of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5104.

receiving the call, and found Appellant on the porch of the residence. Officer Craig also observed fresh damage on the door to the apartment consistent with someone striking the door several times with a hammer. Based on these circumstances, Officer Craig decided to detain Appellant.

Appellant left the porch when he noticed Officer Craig approach. Officer Craig inquired about the hammer with no response from Appellant. Officer Craig again asked Appellant where the hammer was, and Appellant responded[,] "[w]hat hammer?" Officer Craig attempted to stop Appellant, but Appellant moved past Officer Craig and immediately ran away. Officer Craig was able to subdue Appellant after a ten[-]yard chase by pushing him to the ground.

Appellant landed on the ground on his stomach, with both hands hidden beneath him. At that time, Officer Craig was concerned for his safety because he did not know if Appellant possessed the hammer which was used to damage the door, or if he was otherwise armed. Appellant repeatedly refused to comply with orders to show his hands, and kept his hands beneath his body. As a result, Officer Craig [with his partner's assistance] had to use substantial force, including striking Appellant several times, in order to remove and secure Appellant's hands. Appellant was arrested and charged as noted [below]. [Thereafter, the officers recovered a hammer from the porch of the address they responded to, 1202 Montezuma Street.]

Trial Court Opinion, 12/15/14, at 3-4.

By criminal information filed on March 3, 2014, the Commonwealth charged Appellant with the aforementioned offense, as well as one count each of possessing instruments of crime, loitering and prowling at night

time, and public drunkenness.[2]  On June 30, 2014, following a bench trial, the trial court found Appellant guilty of resisting arrest.  The trial court found Appellant not guilty of the remaining charges.  That same day, the trial court sentenced Appellant to one year's probation.  Appellant did not file a post-sentence motion.  Appellant filed a timely notice of appeal on July 30, 2014.[3]

On appeal, Appellant presents the following two issues for our review.

>    I.  Did the trial court err when it found [Appellant] guilty of resisting arrest because the Commonwealth failed to prove, beyond a reasonable doubt, that there existed a lawful arrest?
>
>    II. Did the trial court err when it found [Appellant] guilty of resisting arrest where the evidence was legally insufficient to prove, beyond a reasonable doubt, that [Appellant] created a substantial risk of bodily injury or employed means justifying or requiring substantial force to overcome the resistance?

Appellant's Brief at 5.

In both issues, Appellant challenges the sufficiency of the Commonwealth's evidence.  We begin by noting our well-settled standard of review.  "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the

---

[2] 18 Pa.C.S.A. §§ 907(a), 5506, and 5505, respectively.

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Orie*, 88 A.3d 983, 1014 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* *Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

Instantly, Appellant was convicted of resisting arrest. A person is guilty of resisting arrest "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person

creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104.

We first address Appellant's argument as to the "lawful arrest" element of resisting arrest. Specifically, Appellant contends the Commonwealth did not show that the underlying arrest was lawful because Appellant's conduct did not give the police probable cause to arrest him. Appellant's Brief at 16. "[T]o be convicted of resisting arrest, the underlying arrest must be lawful." *Commonwealth v. Jackson*, 924 A.2d 618, 620 (Pa. 2007) (citation omitted). Further, "the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.* (citation omitted). Our Supreme Court has described probable cause as follows.

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require *only a probability*, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (emphasis in original) (citations and internal quotation marks omitted).

In this case, the totality of the circumstances demonstrates that there was a probability that Appellant had engaged in criminal activity. At 1:00

a.m., two police officers, within minutes of receiving information from dispatch that a man had been banging on the door of an apartment with a hammer, observed Appellant on the porch of that apartment and fresh hammer marks on the door. N.T, 6/30/14, at 6-7, 10. When Officer Craig started to approach the apartment, Appellant began walking away from the porch, toward Officer Craig. *Id.* at 7. Appellant ignored the officer's initial attempt to speak with him. *Id.* Upon Officer Craig mentioning a hammer and attempting to stop Appellant, Appellant fled. *Id.* at 7-8. After a ten-yard foot chase, the officer managed to push Appellant to the ground. *Id.* at 8. As the trial court found, "Officer Craig had probable cause to believe that Appellant had damaged the door with a hammer based on the circumstances he encountered, including the dispatch call, the damage to the door, and Appellant's evasive conduct, and thus the arrest was lawful." Trial Court Opinion, 12/15/14, at 6. This evidence was sufficient to enable the trial court to conclude that the arrest was lawful. *See* 18 Pa.C.S.A. § 5104; *Jackson*, *supra*. Accordingly, the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, supports the verdict, and Appellant is not entitled to relief on his first issue. *See Patterson*, *supra*; *Diamond*, *supra*.

In his second issue, Appellant challenges the sufficiency of the evidence on the "resistance" element of resisting arrest. Specifically, Appellant contends he did not create a substantial risk of bodily injury to the

officers and his actions of lying on his hands, requiring police to forcibly remove his hands from underneath his body, did not justify or require substantial force to overcome. Appellant's Brief at 23-24.

The resistance element in Section 5104 is disjunctive. 18 Pa.C.S.A. § 5104. To be convicted of resisting arrest, a person must employ resistance that either "creates a substantial risk of bodily injury to the public servant or anyone else" **or** "justif[ies] or requir[es] substantial force to overcome[.]" **Id.** "This statutory language does not require the aggressive use of force such as a striking or kicking of the officer." **Commonwealth v. McDonald**, 17 A.3d 1282, 1285 (Pa. Super. 2011) (citation and internal quotation marks omitted), *appeal denied*, 29 A.3d 372 (Pa. 2011). However, Section 5104 is not intended to apply to "minor scuffling which occasionally takes place during an arrest." 18 Pa.C.S.A. § 5104 cmt.

This Court has held that a defendant's "use of passive resistance requiring substantial force to overcome provide[s] sufficient evidence for upholding [a] resisting arrest conviction." **Commonwealth v. Thompson**, 922 A.2d 926, 928 (Pa. Super. 2007). In **Thompson**, a police officer forced the defendant and her husband to the ground after informing the defendant that he was arresting her husband. **Thompson**, **supra** at 927. The defendant and her husband did not aggressively use force against the officer; instead, they interlocked their arms and legs to prevent the officer from applying handcuffs. **Id.** The defendant did not respond to the officer's

numerous verbal commands to release her hands from underneath her husband's body. *Id.* This Court concluded that the evidence of the defendant passively resisting arrest by holding her arms tightly beneath her husband, coupled with the officer's testimony that his attempts to overcome the resistance were exhausting, was sufficient to sustain her conviction of resisting arrest. *Id.* at 928.

Similarly, in this case, the evidence showed that Officer Craig was required to use substantial force to overcome Appellant's "passive resistance." When Officer Craig attempted to restrain Appellant, he was on the ground lying on his arms. Appellant refused to comply with Officer Craig's repeated demands to show his hands, place them behind his back, and submit to being handcuffed. N.T., 6/30/14, at 8. Instead, Appellant held his arms beneath his body, engaging in a test of physical strength with Officer Craig. *Id.* at 9. Officer Craig struck Appellant several times in an attempt to get Appellant's hands out from under his body. *Id.* Still, Appellant would not yield. *Id.* Eventually, Officer Craig was able to handcuff Appellant's left hand while his partner forcibly removed Appellant's right arm. *Id.* at 9-10. Therefore, viewed in the light most favorable to the Commonwealth as the verdict winner, we conclude there was sufficient evidence to prove substantial force was required to overcome Appellant's resistance. *See* 18 Pa.C.S.A. § 5104; *Thompson*, *supra*. As a result,

Appellant is not entitled to relief on his second issue. **_See Diamond_**, **_supra_**.

Based on the foregoing, we affirm the June 30, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015