J-S13038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JODY ANDREW BOYER | |
| Appellant | No. 1531 WDA 2014 |

Appeal from the Judgment of Sentence entered September 11, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0000069-2014

BEFORE: BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                                    **FILED JUNE 3, 2015**

Appellant Jody Andrew Boyer appeals from the judgment of sentence entered in the Court of Common Pleas of Fayette County ("trial court"), following his jury conviction for resisting arrest under Section 5104 of the Crimes Code (Code), 18 Pa.C.S.A. § 5104.[1] Upon review, we affirm.

The facts and procedural history underlying this case are uncontroverted. As summarized by the trial court:

_____

[1] Section 5104 of the Code provides:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

1) On December 4, 2013, at approximately 11:00 a.m., South Connellsville Borough Police Officer, Russell Paul Miller, Jr., was dispatched to 1511 Hyndman Street, following a phone call advising that someone was occupying an abandoned trailer located thereon.

2) Officer Miller arrived at the reported location, operating his patrol vehicle and dressed in uniform. Officer Miller exited his patrol vehicle and approached a single-wide trailer marked as "condemned". Through the front trailer window, Officer Miller observed a female occupant inside the trailer.

3) While continuing his approach to conduct his investigation, Officer heard a door slam open, and out of the corner of his eye he observed [Appellant], dressed in a white shirt and blue jeans, running away from the back of the trailer. Officer Miller observed [Appellant] carrying a grey, Wal-Mart shopping bag as [Appellant] ran from the property.

4) Officer Miller yelled to [Appellant], "police, stop, drop the bag, show me your hands." When [Appellant] did not comply, Officer Miller engaged in a foot pursuit.

5) Officer Miller continued his pursuit until such time as he observed [Appellant] reach a down-hill embankment located on Hyndman Street, at which time Officer Miller gave a second verbal command. [Appellant] stopped and looked back toward Officer Miller before entering the roadway, causing two vehicles traveling [in] opposite directions to swerve to avoid contact. Officer Miller noted [Appellant's] actions almost caused a vehicle collision.

6) [Appellant] then crossed over the guard rail and entered into an active train yard, maneuvering between moving train cars. Officer Miller stopped his foot pursuit for officer safety.

7) [Appellant] was charged with [r]esisting [a]rrest and [d]isorderly [c]onduct. He filed an [o]mnibus [p]retrial [m]otion with [a]rgument on May 9, 2014 which was denied by [the trial court] following argument on May 30, 2014. Following a jury trial on September 8, 2014, [Appellant] was convicted of [r]esisting [a]rrest and found not guilty of [d]isorderly [c]onduct. [Appellant] was sentenced to not less than 6 months nor longer than 24 months incarceration on September 11, 2014.

Trial Court Opinion, 11/17/14, at 1-3.

On appeal, Appellant essentially raises two issues for our review.

First, Appellant argues the Commonwealth did not present sufficient

evidence to support his conviction for resisting arrest, because it failed to establish the "lawful arrest" and "substantial risk of bodily injury" elements under Section 5104.[2] Second, Appellant argues Officer Miller's in-court identification of Appellant was unreliable because "[Officer Miller] did not know the individual's identity at the time of the incident." Appellant's Brief at 15.[3]

"A claim challenging the sufficiency of the evidence is a question of law." **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000).

_____

[2] To the extent Appellant argues the Commonwealth failed to establish a *prima facie* case, we reject such argument as meritless. Appellant here was convicted in a jury trial. **See Commonwealth v. McCullough**, 461 A.2d 1229, 1231 (Pa. 1983) (concluding the fact that the Commonwealth did not establish a *prima facie* case of robbery at the defendant's preliminary hearing was immaterial where the Commonwealth met its burden of proving the underlying offense at trial beyond a reasonable doubt). Moreover, as the Commonwealth notes, Appellant does not state in his brief what, if any, statements he seeks to suppress.

[3] Appellant failed to provide the facts of this case in the "statement of the case" section of his brief. Instead, he provided a six-sentence summary of procedural history irrelevant to the issues raised. Appellant's brief violates Rule 2117(a)(4), which requires an appellant to set forth "[a] closely condensed chronological statement, in narrative form, **of all the facts which are necessary to be known in order to determine the points in controversy, with an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found**." Pa.R.A.P. 2117(a)(4) (emphasis added); **see also Commonwealth v. Maris**, 629 A.2d 1014, 1016 (Pa. Super. 1993) (quashing appeal because, among other reasons, appellant's statement of the case "only attempts to provide some minimal information regarding the procedural and factual history of the case"). Nevertheless, we decline to find waiver on this basis.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of **wholly circumstantial evidence**. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014) (emphasis added), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

We first address Appellant's argument that the underlying arrest was unlawful. In this regard, Appellant points out "the Commonwealth never demonstrated that the property was actually abandoned or posted. Further, Officer Miller never observed [Appellant] actually inside the trailer. He only saw [Appellant] run behind the trailer." Appellant's Brief at 11. Thus, given the totality of the circumstances, Appellant argues, "the officer's attempt to make an arrest was not supported by probable cause." ***Id.*** We disagree.

When we are asked to determine whether probable cause exists to arrest an appellant, we are called upon to render a legal determination, "for which our scope of review is plenary and our standard of review *de novo*." ***Commonwealth v. Jackson***, 924 A.2d 618, 620 (Pa. 2007).

A defendant may be convicted of resisting arrest if he, "with the intent of preventing a public servant from effecting a **lawful arrest or discharging any other duty**, . . . creates a **substantial risk of bodily injury to the public servant or anyone else**, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104 (emphasis added).

"[T]o be convicted of resisting arrest, the underlying arrest must be lawful." *Jackson*, 924 A.2d at 620 (citation omitted). In other words, "the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.* As we recently explained:

> Probable cause to effectuate an arrest exists when the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense. In addressing the existence of probable cause, courts must focus on the circumstances as seen through the eyes of the trained police officer, taking into consideration that probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act.

*Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (quotation omitted).

Instantly, we find no basis upon which to disagree with the trial court's conclusion that the underlying arrest was lawful, *i.e.*, supported by probable cause. As the trial court found:

> Officer Miller . . . was dispatched to the location, having received a phone call regarding the occupation of an "abandoned" and "posted" property. Upon arrival, Officer Miller approached a single-wide trailer located on the property and through the

window observed a female inside the trailer. Soon thereafter, Officer Miller heard a door slam open and out of the corner of his eye, he saw [Appellant] running from the property carrying a bag. Officer Miller testified that [Appellant] ignored two separate verbal commands to stop, and continued to flee.

Trial Court Opinion, 11/17/14, at 5.[4] Based on these findings, the trial court

concluded:

_____

[4] At trial, Officer Miller testified:

I received a telephone call stating that there were people occupying a trailer that was posted "Not For Occupancy. . . . I went to the residence to investigate it. I was in full patrol uniform . . . . Duty boots, pants, shirt, patches, tie, [and] badge. . . . I took our Crown Victoria[.]

. . . .

I approached through an alley. The trailer was the last residence on the alley on the left-hand side. It was a single-wide trailer. I parked in the alley directly in front of the trailer, the short ways, not the longways, so that I could see both the front and the back on my approach. . . . As I exited my vehicle, there was a female in the window. . . . I observed the trailer. I could see down both axes of the trailer both sides, the front and the back. On the front there was a porch, and on the back there was just a yard.

. . . .

I was heading towards the front because I heard verbal notification that someone was there. As I was turning to go that way, I observed a male making landfall from the upper door of the trailer and running down the yard.

. . . .

It was a white male wearing a white T-shirt, blue jeans, and had what appeared to be a gray Walmart bag, hugging it as though you would hold a football.

. . . .

I turned and began to pursue. I made a verbal notification, "Stop, drop the bag, police, keep your hands where I can see [them]." The individual did not stop. . . . He ran, he jumped

*(Footnote Continued Next Page)*

looking at the totality of the circumstances, the information provided to Officer Miller regarding the occupation of the abandoned property, together with the Officer's personal observations of the female occupant within the property, as well as [Appellant] existing the property, carrying a bag and hastily fleeing on foot, constitutes a reasonable belief that [Appellant] had committed or was in the process of committing a crime.

*Id.* 5-6.[5]  Although the Commonwealth and the trial court do not identify per se the crime providing Officer Miller with probable cause to arrest, the record, as recited above, makes clear that the offense was a trespass. Officer Miller received a phone call about individuals occupying a trailer posted for non-occupancy and, upon his arrival at the scene, he observed a female through a window and then saw Appellant running away from the

*(Footnote Continued)* ———————————

down the embankment, I pursued him.  I slid down the embankment.  I announced again, "Please stop, drop the bag, get your hands where I can see [them]."  He stopped in the middle of the intersection, turned to face me to see how far I was.  Two vehicles swerved and nearly cause a vehicle collision. He immediately began running again, went over a guardrail into the train yard, where he went between two moving train cars. At that time I broke pursuit, because I did not want to risk injury.

N.T. Trial, 9/8/14, at 17-22.

[5] The trial court also noted:

Additionally, [Section 5104] requires that there be a "discharge of any other duty" within the meaning of the statute.  In the instant case, Officer Miller, a public servant, was dispatched in response to a telephone call reporting the occupation of a posted abandoned property.  [The trial court] finds that the act of investigating such an unlawful occupation within the locale of South Connellsville Borough, to be legitimate within the purview of the discharge of duties of a Borough Police Officer such as Office Miller.

Trial Court Opinion, 11/17/14, at 6.

trailer. Based on these facts, we believe Officer Miller had probable cause to arrest Appellant.

Next, we address Appellant's argument that the Commonwealth failed to provide sufficient evidence to establish that Appellant's conduct created a substantial risk of bodily injury to the Officer Miller. Thus, Appellant argues "Officer Miller was not exposed to substantial danger during the December 4, 2013, foot pursuit. Officer Miller never came in contact with the individual he later identified as [Appellant] and he suffered **no injuries** as a result of the chase that day." Appellant's Brief at 12 (emphasis added).

It is well-settled that "it is not criminal merely to flee arrest. However, where the circumstances of the flight expose the pursuing officers to substantial danger a conviction for resisting arrest is proper." ***Commonwealth v. Miller***, 475 A.2d 145, 146 (Pa. Super. 1984). Section 5104 "does not require serious bodily injury. Nor does it require actual injury to the arresting officer. Rather, sufficient resistance is established if the arrestee's actions created a substantial risk of bodily injury to the arresting officer." ***Commonwealth v. Lyons***, 555 A.2d 920, 925 (Pa. Super. 1989).

Instantly, we agree with the trial court's conclusion that the Commonwealth provided sufficient evidence to establish the element of substantial risk of bodily injury under Section 5104. The record in this case reveals Appellant subjected Officer Miller to substantial danger, requiring Officer Miller to discontinue the foot pursuit. Similarly, Appellant also put

himself and motorists in danger. As the trial court found, "[Appellant ran] down an embankment, before entering into a roadway in which vehicles coming in two different directions had to swerve to avoid contact, nearly avoiding a collision. Thereafter, . . . [Appellant] cross[ed] the guard rail and enter[ed] an active train yard, maneuvering between moving train cars." Trial Court Opinion, 11/17/14, at 6.

Based on our review of the entire record and viewing the evidence in the light favorable to the Commonwealth, thereby giving it the benefit of the reasonable inferences derived therefrom, we conclude that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for resisting arrest. Accordingly, given the evidence and the circumstances following Appellant's flight from the abandoned trailer, the jury could, and did, reasonably infer that Appellant resisted a lawful arrest and subjected Officer Miller and motorists to substantial risk of bodily injury.

Appellant next argues Officer Miller's in-court identification of Appellant was unreliable because Officer Miller did not know Appellant personally at the time of the incident.[6]

Before addressing the merits of Appellant's claim, we must determine whether Appellant properly has preserved the issue for our consideration.

_____

[6] Appellant fails to identify the place in the record where this issue is preserved, as is required in our Rules of Appellate Procedure. *See* R.A.P. 2117(c), 2119(e).

With respect to preserving challenges to the admission or exclusion of evidence, the Pennsylvania Rule of Evidence 103 provides in relevant part:

> **(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:
>
>> (1) if the ruling admits evidence, a party, on the record:
>>
>>> (A) makes a timely objection, motion to strike, or motion *in limine*; and
>>>
>>> (B) states the specific ground, unless it was apparent from the context[.]

Pa.R.E. 103(a)(1). In Pennsylvania, it is well-settled that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Montalvo*, 641 A.2d 1176, 1185 (Pa. Super. 1994) (citation omitted) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial."). Failure to do so results in waiver of that issue on appeal. *See* Pa.R.A.P. 302(a); *see also Commonwealth v. Schoff*, 911 A.2d 147, 158 (Pa. Super. 2006).

Instantly, the trial transcript reveals that Appellant's counsel failed to object to Appellant's in-court identification by Officer Miller.

Q. Okay. And were you able to view this individual?

A. I was.

Q. The individual that you observed on the roadway on the date in question that we're speaking of, is that individual present in the courtroom today?

A. Yes, ma'am. He's the individual in the purple shirt, seated right there.

[The Commonwealth:] Your Honor, I would ask that the record reflect that Officer Miller has identified [Appellant] in this matter.

The [trial court]: The record will so reflect.

N.T. Trial, 9/8/14, at 22-23. Accordingly, we conclude Appellant has waived his evidentiary argument. ***See Commonwealth v. Ballard***, 80 A.3d 380, 400 (Pa. 2013), (holding appellant's arguments were waived because appellant failed to object at trial), ***cert. denied***, 134 S. Ct. 2842 (2014); ***see also*** Pa.R.E. 103(a).

Judgment of sentence affirmed.

Judge Mundy joins the memorandum.

President Judge Emeritus Bender files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015