**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN LILES | : | |
| | : | No. 2274 EDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003470-2008

BEFORE:   OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 27, 2018**

Steven Liles appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm and grant counsel's petition to withdraw.

The relevant facts were set forth by a previous panel of this Court as follows:

> At about 12:30 a.m. on February 6, 2008, Officer Carr and his partner, Officer Glackin, were in uniform and on duty in their marked car when they received a radio call regarding a disturbance at 719 Rockland Street, which is located near the corner of Rockland and Franklin Streets in Philadelphia. Shortly thereafter, the officers pulled up in front of the house at the

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

reported address and heard the sound of yelling and screaming coming from inside. As the officers were getting out of their car, [Liles] walked down the front steps of the house. The officers called out to [Liles], asked him what was going on inside the house, and told him to stay while they assessed the situation. However, [Liles] ran off, heading north on Franklin Street towards Ruscomb Street.

Officer Glackin pursued [Liles] on foot while Officer Carr returned to the police car. Officer Glackin followed [Liles] as he turned right off of Franklin Street into an alley leading to 7th Street, where he made a left and again ran north towards Ruscomb Street. At that point, Officer Carr, who had driven around the block, parked the police car at the intersection of Ruscomb and 7th Streets facing [Liles] and got out of the car, so that [Liles] was running towards Officer Carr as Officer Glackin pursued him from behind. Seeing that [Liles] was running with his hand inside the pocket of his hooded sweatshirt and fearing that [Liles] might be armed, Officer Carr drew his gun and ordered [Liles] to show his hands.

[Liles] complied with Officer Carr's order and slowed his pace but continued to approach Officer Carr, who still had his gun drawn and aimed at [Liles]. When [Liles] was about two feet away from Officer Carr, [Liles] lunged forward, grabbed Officer Carr's gun with two hands, and tried to pull it away from Officer Carr. [Liles] and Officer Carr fought for control of the gun for a few seconds until the gun discharged. The bullet shot through the front bedroom window of 4961 N. 7th Street, where Mr. [Larry] Wicker and his girlfriend were sleeping, and the bullet lodged between some towels in the bedroom closet.

The force of the discharge caused Officer Carr and [Liles] to separate, leaving Officer Carr in control of his gun while [Liles] fled north on 7th Street again. Officer Carr chased after [Liles] on foot, with Officer Glackin not far behind, and managed to catch up to [Liles] and tackle him at the intersection of 7th Street and Lindley Avenue. It took the efforts of both officers to place handcuffs on [Liles], as he punched and kicked at the officers while they pinned him on the ground. Just before he was tackled, [Liles] tossed a plastic bag containing nineteen clear, empty plastic zip lock packets, five plastic zip-lock packets containing marijuana, and two purple plastic zip-lock packets containing crack cocaine. Officer Carr recovered the bag after [Liles] had been secured.

*Commonwealth v. Liles*, 31 A.3d 755 (Pa.Super. 2011) (unpublished memorandum at 1-3) (citing Trial Court Opinion, 8/25/09, at 2-4 (footnote and citations omitted)).

Following a jury trial on January 22, 2009, Liles was convicted of aggravated assault, disarming a law enforcement officer, knowingly or intentionally possessing a controlled substance, and recklessly endangering another person. On May 1, 2009, the trial court sentenced Liles to a term of eight to 16 years' incarceration for the aggravated assault conviction, with no further penalty assessed for the other convictions. Liles initially filed a direct appeal in May 2009, but that appeal was dismissed by this Court for failure to file a brief in November 2009. However, after Liles filed a PCRA petition seeking the reinstatement of his appellate rights *nunc pro tunc*, which was granted and Liles filed another direct appeal. Ultimately, this Court affirmed Liles' judgment of sentence on June 27, 2011.

Liles filed the instant timely *pro se* PCRA petition on March 26, 2012. The PCRA court appointed counsel ("PCRA Counsel") who filed an amended petition on June 12, 2016. On May 18, 2017, the court issued notice of its intention to dismiss Liles' PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 and, on June 29, 2017, the court dismissed the petition. Liles filed the instant timely appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion on August 8, 2017.

As a prefatory matter, we note that PCRA counsel has filed a motion to withdraw as counsel and a brief that complies with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[2] In order to withdraw, appellate counsel must file a **Turner/Finley** no-merit brief, which discusses the nature of the case and lists the issues to be reviewed. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Appellate counsel's **Turner/Finley** brief must also detail counsel's diligent review of the case and explain why potential issues lack merit. **Id.** It is also imperative that appellate counsel send a letter to the petitioner advising him of counsel's intention to withdraw, along with a copy of his no-merit brief, and explaining the petitioner's right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

In the case *sub judice*, PCRA Counsel substantially complied with the **Turner/Finley** requirements because his no-merit brief details his review of the record and his conclusion that no meritorious issues are present for review on appeal. PCRA Counsel also filed a petition to withdraw as counsel, which

_____

[2] PCRA counsel mistakenly labels his brief as an **Anders** brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which applies to attorneys seeking to withdraw from representation on direct review. However, because **Anders** provides greater protection to criminal defendants, we have held that this Court can accept an **Anders** brief from counsel who seek to withdraw on appeal. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004)

he forwarded to Liles along with both a copy of his no-merit brief and a letter properly advising him of his rights. Therefore, we proceed to a review of Liles' PCRA petition.

We begin by noting our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011).

PCRA Counsel raises a single potential issue for review on appeal: "whether trial counsel was ineffective for failing to raise any issue relating to [Liles'] arrest as there was insufficient evidence to establish that he was involved in criminal activity." ***See*** PCRA Counsel's ***Turner/Finley*** Brief at 11. Specifically, PCRA Counsel initially recognizes that a potential meritorious issue could lie in trial counsel's failure to file a motion to suppress evidence retrieved as a result of Liles' first interaction with police officers on the steps of the residence at issue. ***Id***. PCRA Counsel emphasizes that Liles' initial stop could be viewed as unlawful due to a purported lack of reasonable suspicion or probable cause to detain him. ***Id.*** However, PCRA Counsel acknowledges that case law precludes suppression where intervening events render an arrest lawful. ***Id.*** (citing ***Commonwealth v. Jackson***, 924 A.2d 618, 620-21 (Pa. 2007)). Therefore, PCRA Counsel finds that Liles' suppression issue lacks merit due to his intervening violent actions prior to his eventual arrest.

We agree that the ineffectiveness claim raised by PCRA Counsel lacks merit.[3] To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

There are three possible encounters between law enforcement and the public:

> The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of

---

[3] PCRA Counsel also aptly notes that Liles' potential contention that the PCRA court erred by failing to afford him an evidentiary hearing is also not viable because his underlying claim is legally deficient. A PCRA court may "decline to hold an evidentiary hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa.Super. 2007)). On appeal, to determine whether the failure to conduct a hearing was error, this Court "examine[s] each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Id.* (quoting *Turetsky*, 925 A.2d at 882). Hence, we conclude that because Liles' issue on appeal does not involve an issue of disputed material fact, the PCRA court properly declined to hold an evidentiary hearing.

> suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Goldsborough***, 31 A.3d 299, 305 (Pa.Super. 2011) (citation omitted). In the case of an investigative detention, this Court has held that sufficient reasonable suspicion is present where "a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." ***Commonwealth v. Morrison***, 166 A.3d 357, 364 (Pa. Super. 2017)(citation omitted).

However, our Supreme Court has also held that even where an initial encounter is unlawful, subsequent violent resistance by a defendant can constitute probable cause for a later arrest. ***See Jackson***, 924 A.2d 618, 620-21 (Pa. 2007) (holding that probable cause supported defendant's arrest where defendant violently resisted police officer's initial unlawful attempt at arrest by repeatedly punching officer and attempting to take officer's gun). In ***Jackson***, the Pennsylvania Supreme Court determined that even though the initial pursuit of the suspect by a police officer was not lawful, the suspect's violent criminal conduct in the course of fleeing from an unlawful arrest gave the pursuing officer probable cause for an arrest for the subsequent crime:

> The initial illegality does not give the arrestee a free pass to commit new offenses without responsibility. Neither does that initial illegality "poison the tree," preventing lawful police conduct thereafter—the new crimes are new trees, planted by [the

arrestee], and the fruit that grows from them is not automatically tainted by the initial lack of probable cause.

*Id*. at 621.

Likewise, in this case, Liles violently resisted Officer Glackin's and Officer Carr's attempt to at least briefly detain him for questioning by fleeing and attempting to take possession of Officer Carr's gun, causing the gun to fire into a residence. Therefore, we conclude that regardless of whether reasonable suspicion or probable cause supported the officers' initial detention of Liles, his subsequent violent actions provided probable cause for his arrest. *Jackson*, 924 A.2d at 620-21. Thus, Liles' claim that trial counsel was ineffective for failure to file a suppression motion based upon Liles' initial interaction with the police officers lacks arguable merit because Liles' subsequent actions rendered the initial interaction moot. *See id.*; *Spotz*, 84 A.3d at 311; *Ousley*, 21 A.3d at 1244. Accordingly, we affirm the PCRA court's order denying Liles' petition and grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18

- 8 -