J-S25027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANNA ALBANO | : | |
| | : | |
| Appellant | : | No. 166 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 23, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000418-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:             **FILED NOVEMBER 10, 2021**

Brianna Albano appeals from the judgment of sentence entered after the court found her guilty of Resisting Arrest.[1] She challenges the sufficiency of the evidence to support her conviction.

The evidence at Albano's bench trial, viewed in the light most favorable to the Commonwealth, as verdict-winner,[2] established the following. On the morning of April 27, 2019, Police Officer Barrowclough was on patrol in a marked vehicle when he observed a teal Hyundai SUV stopped on the northbound shoulder of Route 420 in Tinicum Township, Delaware County. N.T., 11/17/20, at 6. The vehicle was facing southbound, running, and parked

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5104.

[2] **See Commonwealth v. Rushing**, 99 A.3d 416, 420-21 (Pa. 2014).

with the brake lights activated. *Id.* at 7. Officer Barrowclough approached the vehicle and observed Albano unconscious with her head hanging out of the open driver's side window. He observed on the seat what he took to be a crack pipe, as well as and a small clear baggie. *See id.* at 7-8. Officer Barrowclough tapped Albano on the arm to wake her. She appeared lethargic and disoriented, repeatedly asking the same questions while her eyes rolled to the back of her head. *See id.* at 7-9. Albano believed that she was in the State of Delaware, rather than Delaware County, could not articulately answer questions, and did not comply when asked to exit the vehicle. *See id.* at 9-11.

Officer Barrowclough attempted to help Albano out of the vehicle by opening the door and telling her to put her arms behind her back. *See id.* at 11-12. Albano pulled away from him, attempted to get back into the car, and pushed Officer Barrowclough backward. *See id.* As the officer called for backup, Albano continued to struggle. *See id.* Officer Barrowclough grabbed Albano with both hands and "pulled" at her but lost his footing and fell to the ground in the lane of oncoming traffic. *See id.* at 11-13. Corporal William Young arrived on the scene and blocked the lane of oncoming traffic, pulled Albano off of Officer Barrowclough, and put Albano in restraints. *See id.* at 37-41.

Albano was unsteady on her feet and her eyes continued to roll up into her head. *See id.* at 15-18, 38-41. She repeatedly stated that she had made the trip to "pick up her stolen car and go home," but had difficulty providing

details regarding where the car had been or when she had picked it up. *See id.* Determining that it was unsafe to field test Albano, Officer Barrowclough informed her that she was under the arrest for driving under the influence ("DUI"). *See id.* at 15-18, 20.

Although she initially agreed to chemical testing, once they arrived at a hospital, Albano refused to sign the consent form. Police instead took her to Ridley Township police department for booking. *See id.* Albano was falling asleep in the back of the police car on the way both to the hospital and to the police station. *See id.* at 16-18. Officer Barrowclough searched Albano's purse and found drugs and paraphernalia. Trial Court Opinion, filed March 12, 2021, at 4-5. Albano was charged with numerous offenses, including DUI – General Impairment ("General Impairment"),[3] and Resisting Arrest.

Following a bench trial on November 17, 2020, the court found Albano guilty of Resisting Arrest. She was not convicted of any other charge. The court later imposed a sentence of two years' probation. Albano timely appealed. Albano raises a single question on appeal:

> Whether the evidence is insufficient to sustain the conviction for resisting arrest, since the prosecution failed to prove beyond a reasonable doubt that [Albano], with the intent of preventing a public servant from effecting a lawful arrest or other lawful duty, created a substantial risk of bodily injury to any person or employed means justifying or requiring substantial force to overcome?

Albano's Br. at 5.

---

[3] 75 Pa.C.S.A. § 3802(a)(1).

Albano argues that the evidence was insufficient because her actions did not create a substantial risk of injury or require substantial force to overcome. She asserts that her conduct was not aggressive, and she did not struggle. Albano's Br. at 16. Additionally, she contends that, due to her lethargic state, she could not form the requisite intent to resist arrest. *Id.* at 16-17. Finally, in her reply brief, Albano argues that because the underlying arrest was unlawful, the Commonwealth cannot establish all of the elements necessary to prove that she was resisting arrest. Albano's Reply Br. at 2-4.

When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Rushing***, 99 A.3d at 420-21. Evidence is sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The trier of fact is free to believe, all, part, or none of the evidence presented when making credibility determinations. ***Commonwealth v. Beasley***, 138 A.3d 39, 45 (Pa.Super. 2016). "[T]his Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

The Crimes Code defines the elements of Resisting Arrest as follows:

- 4 -

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104.

Here, the evidence that Albano pulled away from Officer Barrowclough, lunged to get back into her car, and pushed Officer Barrowclough away, causing him to slip and fall into a lane of oncoming traffic requiring another officer to pull her away, was sufficient to sustain her conviction for resisting arrest. Albano physically prevented Officer Barrowclough from effecting a lawful arrest, created a substantial risk of bodily injury by causing him to fall into traffic, and her acts justified or required substantial force to overcome her resistance. *See Thompson*, 922 A.2d at 928; 18 Pa.C.S.A. § 5104.

Her additional claim that the Commonwealth failed to prove the *mens rea* also fails. At the very least, the evidence that she pulled away from Officer Barrowclough, and toward her SUV, as he was trying to arrest her was sufficient to prove that she acted "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty." 18 Pa.C.S.A. § 5104. *See also Commonwealth v. Dix*, 207 A.3d 383, 390 (Pa.Super. 2019) (stating that the prosecution may prove its case beyond a reasonable doubt with circumstantial evidence).

As for her further claim that the underlying arrest was unlawful, Albano first raised the argument in her reply brief. This was improper. *See* Pa.R.A.P.

2113(a), note (brief may only address matters raised by appellee and not previously addressed in appellant's brief). Even assuming that the argument is properly before us, it has no merit. Certainly, a defendant can only be convicted of resisting a lawful arrest. If the underlying arrest was unlawful, the prosecution's case fails. *See Commonwealth v. Jackson*, 924 A.2d 618, 620 (Pa. 2007).

The lawfulness of an arrest depends on the existence of probable cause to arrest the defendant. *Id.* Probable cause is made out when the facts and circumstances within the knowledge of the officer at the time of the arrest, of which the officer had reasonably trustworthy information, are sufficient to "warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Brogdon*, 220 A.3d 592, 599 (Pa.Super. 2019), *appeal denied*, 226 A.3d 967 (Pa. 2020). "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most reasonable inference." *Commonwealth v. Spieler*, 887 A.2d 1271, 1275 (Pa.Super. 2005).

The circumstances here gave Officer Barrowclough probable cause to arrest Albano for General Impairment or DUI – Controlled Substances. The DUI statute provides, in relevant part:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> (a) General impairment.--

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

\*\*\*

(d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

. . .

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802.

In the instant case, despite the fact that the trial court ultimately acquitted Albano of General Impairment, there was still probable cause for arrest. The facts elicited at trial determined that when Officer Barrowclough arrived on the scene, Albano was in her vehicle facing southbound on the northbound side of the road with her blinkers on, unconscious and with her head hanging out of the driver's side window. Albano was lethargic and disoriented in her questions for and responses to officers. Based upon the following, probable cause existed to arrest her for driving under the influence – controlled substances as it was a reasonable inference to believe that Albano was unable to safely operate the vehicle due to her apparent inebriation. **Brogdon**, 220 A.3d at 599; 75 Pa.C.S.A. § 3802(d)(2).

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:* *11/10/2021*